UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARGARET A. LEWIS                          CIVIL ACTION NO. 07-cv-1617

VERSUS                                     JUDGE WALTER

U.S. COMMISSIONER SOCIAL                   MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

**Introduction**

Margaret Lewis ("Plaintiff") filed an application for Social Security disability benefits. She alleged that she had an onset of disability beginning May 21, 2005 because of obesity, diabetes, and hypertension. Plaintiff was born in 1955. She graduated from high school and completed some certified nursing assistant classes.

ALJ Osly Deramus conducted a hearing and issued a decision that Plaintiff was not disabled as of the October 23, 2006 decision date. The Appeals Council denied a request for review, and Plaintiff filed this appeal. She states as errors that the ALJ did not have substantial evidence to support his decision and that it was not shown that Plaintiff could maintain a job.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is

more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Subsequent Finding of Disability**

In addition to listing two assignments of error, Plaintiff makes a general argument based on a subsequent finding of disability. She represents in her brief that she filed a second application in 2007 while this action was pending. She represents that ALJ Leslie John Rodriguez issued a favorable decision on the second application in March 2008 and awarded benefits effective October 24, 2006, the day after the unfavorable decision issued by ALJ Deramus. Plaintiff has not submitted a copy of the favorable decision, so its basis is not known.

A subsequent finding of disability, in and of itself, requires no relief with respect to a prior decision because the more recent decision is often based on a deterioration in a previously non-disabling condition. Plaintiff has not presented the court with any evidence on this issue in this case, and ALJ Rodriguez obviously chose not to disturb ALJ Deramus's prior decision, so Plaintiff has not demonstrated that she is entitled to judicial relief based on the subsequent favorable decision. See Reiss v. Apfel, 230 F.3d 1367 (9th Cir. 2000)

(remand not required when claimant did not demonstrate that subsequent finding of disability was material to period at issue in first decision).

**Review for Substantial Evidence**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). See also Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). He found that Plaintiff had not engaged in substantial gainful activity (step one) since her alleged onset date of May 21, 2005. He next determined that Plaintiff has "severe" impairments within the meaning of the regulations (step two), in the form of obesity, diabetes mellitus, and hypertension, but the impairments did not meet or medically equal a listed impairment (step three) that is so severe as to require an immediate finding of disability without regard to Plaintiff's age, education, or vocational factors.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"). He found that she could lift up to 20 pounds at a time and frequently lift or carry objects weighing up to 10 pounds. She could walk or stand about six hours a day, sitting the other two hours, and she could also sit most of the time with some pushing and pulling of arm or leg controls. The ALJ found that Plaintiff could occasionally stoop, crouch, crawl, kneel, balance, and climb stairs, but she could never climb ladders. She had full, bilateral manual dexterity.

The ALJ received testimony from a vocational expert ("VE") who examined the demands of Plaintiff's past relevant work. The ALJ asked the VE hypothetical questions based on an assumption of a person with Plaintiff's characteristics and various levels of RFC. The VE testified that Plaintiff's past job as a material handler was too demanding for the RFC ultimately found by the ALJ, he opined that Plaintiff could perform her past work as a steam iron assembler (light, unskilled) and sitter/companion (light, semi-skilled). Tr. 216-19. The ALJ accepted that testimony. Thus, Plaintiff was found to be not disabled. Tr. 93-98.

Plaintiff generally challenges whether there was substantial evidence to support the ALJ's decision. The ALJ found that Plaintiff was 5'3" and weighed approximately 250 pounds. His decision takes into account Plaintiff's obesity when discussing her back pain, dexterity, and ability to stand and walk. Tr. 96-97. Plaintiff's brief cites Social Security Ruling 02-1p, which discusses how obesity is to be considered in determining disability. Plaintiff quotes at length from the ruling, but she does not identify any actual limitation that she possesses due to obesity that was not considered by the ALJ, and she does not argue that the ALJ ran afoul of the Ruling in any way.

Plaintiff also notes the ALJ's step three finding that Plaintiff does not have an impairment or combination of impairments that meet or medically equal a listed impairment. Plaintiff writes that diabetes, even when controlled, can cause problems including loss of eyesight, deteriorating bone density, and even amputation. That may be true, but a mere diagnosis of diabetes does not automatically equate to listing-level impairment and disability.

Many people with diabetes lead active, working lives. If diabetes actually causes a particular person to have such serious limitations, those limitations are considered when determining the RFC and disability status. The record in this case, including the medical records discussed below, indicates that Plaintiff's non-insulin dependent diabetes is well controlled by medication and does not impose any limitations beyond those found by the ALJ.

Plaintiff was hospitalized briefly in May 2005 after she reported to the emergency room with elevated blood sugar. The physician noted that Plaintiff had recently been placed on a medication but continued to have elevated sugars. The medication was changed, and Plaintiff was "much improved symptomatically" by the next morning. Tr. 175-76, 181. Dr. Charles Werner conducted a consultative examination a few months later, in August 2005. He recorded that Plaintiff has "diabetes for which she takes her medications daily with no known complications from diabetes." The same was true with respect to Plaintiff's hypertension. Tr. 189.

Plaintiff makes a general assertion that her credibility is supported by the record, but she does not point to any particular limitations in her testimony that should have been accepted. Plaintiff testified that she could make her bed, cook, do some cleaning, wash dishes, take out the trash, and shop. She said that she could take care of her personal needs. She takes Aleve and Tylenol for pain in her lower back, ankles, and elbows. She testified that she could lift a 10-pound bag of potatoes, but she doubted she could lift two bags at the same time. Plaintiff said that walking bothered her, and she could walk only 10 minutes

without having to stop and rest. She estimated that she could not stand or sit more than 30 minutes at a time. Tr. 205-14.

The ALJ acknowledged this testimony but found it "not entirely credible to the extent alleged." He based that assessment on his observation of Plaintiff during the hearing and the lack of support in the objective medical findings. There was record of conservative medical treatment, a lack of pain medication being prescribed, a lack of need for any physical or occupational therapy, and the back pain had no apparent etiology. Tr. 97. Dr. Werner determined that the lumbar strain was probably related to obesity. He also wrote: "I would not consider this lady disabled." Tr. 190.

An ALJ's findings on credibility of the claimant and the debilitating effect of subjective symptoms, based on his first-hand observation of the claimant, are particularly within his province and entitled to judicial deference. Johnson v. Bowen, 864 F.2d 340, 347 (5th Cir. 1988); Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994). See also Spruill v. Astrue, 2008 WL 4870980 (5th Cir. 2008) ("We accord great deference to the ALJ's credibility determination."). The ALJ's credibility assessment in this case is well supported by the record, and the ALJ explained his assessment in a reasonable fashion. There is no basis for the court to upset that determination.

**Maintaining Work**

Plaintiff's second assigned issue on appeal contends that the ALJ did not have adequate evidence to find that Plaintiff could maintain a job even if she was capable of

performing it at times.  Plaintiff's argument invokes the Fifth Circuit's <u>Singletary</u> decision, which interpreted disability under the Act to apply to cases in which a person is capable of working for short periods but can not maintain a job because his impairment flares up too often.  <u>Singletary</u> does not, however, require every decision by an ALJ include a separate finding regarding the claimant's ability to maintain a job. <u>Frank v. Barnhart</u>, 326 F.3d 618, 621 (5th Cir. 2003). An ALJ's finding that a claimant can perform a certain level of work necessarily includes a finding that he is able to perform at that level not just intermittently but eight hours a day, five days a week.  A separate and express finding regarding maintaining work is required only when the claimant's ailment "waxes and wanes in its manifestation of disabling symptoms."  <u>Id</u>.  <u>See</u> <u>also</u> <u>Dunbar v. Barnhart</u>, 330 F.3d 670 (5th Cir. 2003) and <u>Barratt v. Astrue</u>, 2008 WL 2325636 (5th Cir. 2008)("this court has rejected the contention that <u>Singletary</u> requires a separate finding with respect to the claimant's ability to maintain employment in every case.") .  It was recommended above that the ALJ's basic decision with respect to disability be upheld, and there is no indication in this record of a waxing and waning condition such that a separate finding with regard to maintaining employment was required.

**Conclusion**

The court has limited judicial review of disability decisions.  Plaintiff has not demonstrated that the ALJ committed any legal error or that his factual findings were not supported by the substantial evidence.  Plaintiff is certainly limited in her abilities by her

health issues, and the ALJ acknowledged those limitations by assessing a fairly limited RFC roughly equal to light work, as defined in the regulations. That RFC was supported by the evidence as found by the ALJ, and the ALJ accepted the VE's testimony that a person with such abilities could perform two of Plaintiff's past jobs. That finding directed a finding of not disabled.

Accordingly;

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be affirmed and that Plaintiff's complaint be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of December, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE